

RECEIVED
JUN 28 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:12-cr-026 |
| v. ) | |
| ) | |
| RICHARD PEARSON, ) | PLEA AGREEMENT |
| ) | F.R.Cr.P. 11(c)(1)(C) |
| Defendant. ) | |

The United States of America (also referred to as "the Government") and the Defendant, Richard Pearson, and Defendant's attorney, Assistant Federal Public Defender Timothy S. Ross-Boom, enter into this Plea Agreement.

**A.    CHARGES**

1    Subject Offense[s]. Defendant will plead guilty to Count 3 of the Indictment, that is, Coercion and Enticement of a Minor to Engage in Unlawful Sexual Activity, in violation of Title 18, United States Code, Sections 2422(b) and 2.

2    Charges Being Dismissed. If the Court accepts this Plea Agreement and Defendant abides by all terms and conditions of the Plea Agreement, Counts 1, 2 and 4 of the Indictment will be dismissed at the time of sentencing.

3    No Further Prosecution. The Government agrees that Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation. This paragraph and this Plea Agreement do not apply to (1) any criminal act occurring after the date of this agreement, or (2) any crime of violence not

1

involved in the instant investigation of Defendant, or (3) to the extent not included in "crimes not involved in this investigation", crimes involving illicit sexual conduct or illegal sexual activity, or the persuasion, inducement, enticement, or coercion of a person to engage in illicit sexual conduct or illegal sexual activity, or attempt to do so, regarding persons under age 18 other the J. S., who is the identified victim in this case. This plea agreement does not prohibit Defendant from being prosecuted for any crimes involving illicit sexual conduct or illegal sexual activity, or the persuasion, inducement, enticement, or coercion of a person to engage in illicit sexual conduct or illegal sexual activity, or attempt to do so, regarding persons under age 18 other the J. S.

**B.    MAXIMUM PENALTIES**

4    <u>Maximum and Mandatory Minimum Punishment.</u>  Defendant understands that the crime to which Defendant is pleading guilty carries a mandatory minimum sentence of at least ten (10) years in prison and a maximum sentence of up to life in prison; a maximum fine of $250,000.00; and a term of supervised release of not less than five (5) years to life[1]. A mandatory special assessment of $100 per count also must be imposed by the sentencing court. No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum.

5    <u>Supervised Release--Explained.</u>  Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release,

---

[1] Title 18, United States Code, Section 3583(k), with reference including Title 18, United States Code, Section 2422.

Defendant could be sentenced to an additional term in prison not to exceed the length of his term of supervised release, without any credit for time previously served.

6 Detention. Defendant agrees that Defendant will remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

**C. NATURE OF THE OFFENSE -- FACTUAL BASIS**

7 Elements Understood. Defendant understands that to prove the offense alleged under Count 2, Coercion and Enticement of a Minor to Engage in Unlawful Sexual Activity, in violation of Title 18, United States Code, Sections 2422(b) and 2, the Government would be required to prove beyond a reasonable doubt the following elements:

 (1) use of a facility of interstate commerce;

 (2) to knowingly persuade, induce, entice, or coerce;

 (3) a person who is younger than eighteen years of age;

 (4) to engage in an illegal sexual activity.

8 Elements Admitted. As a factual basis for his plea of guilty, Defendant admits the following:

 (1) From in or about at least October of 2011, to on or about April 20, 2012, in and about Atlantic, in the Southern District of Iowa, Defendant, Richard Pearson, engaged in a sexual relationship with J. S., who was then a 15 year old person, and was at all times material hereto a minor under federal law (that is, under eighteen (18) years of age) and a minor under the law of the State of Iowa with regard to engaging in sexual conduct.

 (2) At all times material hereto, Defendant was approximately fifty (50) years of age.

 (3) As a part of said relationship, Defendant traveled in interstate commerce from Colorado to the Southern District of Iowa to engage in said sexual activity with J. S.

3

(4) Said sexual activity between Defendant and J. S. included, among other sex acts, contact between the genitalia of one person and the mouth of another person, and contact between the finger or hand of one person and the genitalia of another person, or sex acts carried out by means of artificial sexual organs or substitutes therefor in contact with the genitalia or anus; and included, but was not limited to, Defendant fondling or touching the pubes or genitals of J. S., and permitting or encouraging J. S. to fondle or touch Defendant's genitals or pubes.

(5) On or about February 10-12, 2012, Defendant traveled in interstate commerce to Atlantic, Iowa, and engaged in such sexual activity with J. S.

(6) Again on or about April 20, 2012, Defendant traveled in interstate commerce with the intent to engage in said sexual conduct with J. S.

(7) In between Defendant's trips to Iowa on February 10-12, 2012, and April 20, 2012, for the purpose of Defendant engaging in such sexual conduct with J. S., Defendant used a facility of interstate commerce, to-wit, a cell phone, and caused J. S. to likewise use a cell phone, for the purpose of knowingly persuading, inducing or enticing J. S. to engage in sexual activity with Defendant, as described above.

(8) The cell phone number used by J. S. on or about February 14, 2012, was (712) 249-2568. Defendant gave this cell phone to J. S. for the express purpose of persuading, inducing or enticing J. S. to engage in sexual activity, as described above, with Defendant. Defendant caused J. S. to use said cell phone to communicate with Defendant for the purpose of persuading, inducing or enticing J. S. to engage in sexual activity, as described above, with Defendant.

(9) The cell phone number used by Defendant on or about February 14, 2012, was (719) 205-5969. Defendant used this cell phone to text J. S. for the express purpose of persuading, inducing or enticing J. S. to engage in sexual activity, as described above, with Defendant.

(10) Among the communications on or about February 14, 2012, which Defendant sent to J. S., or which Defendant caused J. S. to send to Defendant for Defendant's known purpose of persuading, inducing or enticing J. S. to engage in sexual activity, as described above, with Defendant, are the following:

|     | From | To   | Date & Time                          | Text                                                                                                                                                                 |
|-----|------|------|--------------------------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| [1] | Def.[2] | J.S. | 02/13/2012<br>08:48:53 PM<br>(GMT)   | Ikr![3] ...well I'm soakin n the tub wish u were with me now                                                                                                         |
| [2] | Def. | J.S. | 02/14/2012<br>12:19:08 AM<br>(GMT)   | I love you sooooooo much baby                                                                                                                                        |
| [3] | Def. | J.S. | 02/14/2012<br>02:08:11 AM<br>(GMT)   | Awwwww sweety                                                                                                                                                        |
| [4] | Def. | J.S. | 02/14/2012<br>02:11:27 AM<br>(GMT)   | That's how you make me feel too my beautiful n precious fiancé                                                                                                       |
| [5] | Def. | J.S. | 02/14/2012<br>02:15:37 AM<br>(GMT)   | Me too baby I already can't wait to be with my mab                                                                                                                   |
| [6] | Def. | J.S. | 02/14/2012<br>02:17:50 AM<br>(GMT)   | Lol[4] ...my man                                                                                                                                                     |
| [7] | J.S. | Def. | 02/14/2012<br>07:33:15 AM<br>(GMT)   | Well im gonna go to bed sweetheart im to tired to use that dildo but ill call when I wake up good night baby I love you and ill use that dildo tomorrow and send you a lot of pics |

---

[2] "Def." = Defendant

[3] "Ikr" is common text jargon for "I know, right?".

[4] "Lol" is common text jargon for "laugh out loud".

5

|      | From | To   | Date & Time                          | Text                                                                          |
|------|------|------|--------------------------------------|-------------------------------------------------------------------------------|
| [8]  | Def. | J.S. | 02/14/2012<br>03:06:26 PM<br>(GMT)   | Good morning baby….<br>ok well I look 4wrd<br>to a lot os sexy<br>Pics today then ☺ |
| [9]  | Def. | J.S. | 02/14/2012<br>05:53:15 PM<br>(GMT)   | Well this other<br>company will let you<br>travel with me when u<br>move out here** |
| [10] | Def. | J.S. | 02/14/2012<br>10:02:58 PM<br>(GMT)   | I can't stop thinking<br>of you n how I want<br>to be with you                |
| [11] | Def. | J.S. | 02/14/2012<br>10:03:29 PM<br>(GMT)   | I know I was just<br>gonna txt you saying<br>that I really miss you           |
| [12] | Def. | J.S. | 02/14/2012<br>10:59:46 PM<br>(GMT)   | Fwd: Well actually<br>they made my decision<br>by not having my truck ready   |
| [13] | Def. | J.S. | 02/14/2012<br>11:00:17 PM<br>(GMT)   | Fwd: Ill still will try<br>my best to see you<br>april 1st my love **         |

(11) During the course of the above-described text "conversation" between Defendant and J.S., J.S. also engaged in texting with another individual who had knowledge of the relationship between Defendant and J.S., which texts included the following:

|     | Tele. No.   | Date & Time                        | From-To        | Text                                                  |
|-----|-------------|------------------------------------|----------------|-------------------------------------------------------|
| [1] | 9315****09  | 02/14/2012<br>03:08:47 AM<br>(GMT) | Other to J.S.  | Have you talked to<br>rick[5] about your<br>futures   |
| [2] | 9315****09  | 02/14/2012<br>03:09:34 AM          | J.S. to Other  | Oh well you we plan<br>to get married and me          |

---

[5] "Rick" is Defendant Richard Pearson.

| | (GMT) | | moving out there so ya |

(12) Defendant admits that for his sexual contact with J. S., as described above, Defendant could have been charged with one or more criminal offenses under the laws of the State of Iowa, including among others, Section 709.4(2)(c)(4), Sexual Abuse in the Third Degree, or Section 709.8, Lascivious Acts with a Child, or Section 709.12, Indecent Contact with a Child.

9 <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10 <u>Venue</u>. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D. SENTENCING**

11 <u>Sentencing Guidelines</u>. Defendant understands that ordinarily Defendant's sentence would be determined by the Court after considering any applicable minimum mandatory statutory sentence, and the advisory United States Sentencing Guidelines, together with other factors set forth by law. However, under this plea agreement, the parties have under F.R.Cr.P. 11(c)(1)(C) stipulated to a sentence. The Court may still use the minimum mandatory statutory sentence and the Sentencing Guidelines to assist the Court in determining whether or not to accept the sentence stipulated to by the parties.

12 <u>Joint Sentencing Recommendation.</u> Under Rule 11(c)(1)(C) of the Federal Rules

of Criminal Procedure, the parties agree that the Court should impose a sentence of 120 months imprisonment, plus a term of supervised release of at least 5 years. If the Court accepts the stipulated sentence, neither party may advocate for a higher or lower sentence at the time of sentencing. The parties agree that this sentence takes into account the minimum mandatory sentence, all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and circumstances of the offense, the history and characteristics of the defendant, and other pertinent factors. Should the Court decline to impose this recommended sentence, Defendant may withdraw Defendant's plea of guilty and the case will then be set for trial; likewise, if the Court declines to impose the recommended sentence, the Government also may withdraw from this Plea Agreement and the case will be set for trial.

13    <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14    <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

## E. FORFEITURE, FINES, COSTS, AND RESTITUTION

15    Forfeiture.  Defendant agrees to forfeiture of property seized from the Defendant on or about April 20, 2012, in Cass County, Iowa, which property was used to or intended to be used to persuade, induce, entice, or coerce J. S. to engage in illegal sexual conduct, to actually engage in such sexual conduct, or to attempt to do so, including but not limited to, "sex toys", a cell phone, a shower-head, a container of "lard", and other items.  Defendant will execute any documents as directed by the Government to complete the forfeiture.

16    Waivers Regarding Forfeiture.  Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds.  Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

17    Consent to Judgment of Forfeiture.  Defendant agrees to waive all interest in asset subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant

understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

18      Fines and Costs. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

19      Special Assessment. Defendant agrees to pay the mandatory special assessment of $100.00 at or before the time of sentencing, as required by 18 U.S.C. § 3013.

20      Restitution. Defendant agrees that the Court should impose an order of restitution for all relevant conduct in an amount to be determined by the Court; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

21      Financial Statement. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

**F.      LIMITED SCOPE OF AGREEMENT**

22      Limited Scope of Agreement. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the

facts upon which this investigation is based.

23    Agreement Limited to Southern District of Iowa. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

24    Sex Offender Registry. Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that Defendant shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction. As a condition of supervised release, Defendant shall initially register with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirement of federal and state sex offender registration laws, including the requirement to update Defendant's registration information.

Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

**G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS**

25  <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

- (a) continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

- (b) a speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

- (c) the assistance of an attorney at all stages of trial and related proceedings, to be paid at government expense if Defendant cannot afford to hire an attorney;

- (d) confront and cross-examine adverse witnesses;

- (e) present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

- (f) not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

- (g) if Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at government expense if Defendant cannot afford to hire an attorney.

26  <u>Waiver of Appeal and Post-Conviction Review</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction and sentence in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the court's entry of judgement against Defendant. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction in any post-conviction

proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to Defendant, or reasonably knowable, at the time of entering this Plea Agreement.

### H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

27  <u>Voluntariness of Plea</u>. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

    (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

    (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

    (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

28  <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

    (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

    (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

    (c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full

13

understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

I. **GENERAL PROVISIONS**

29    Entire Agreement. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be in writing and signed by all parties.

30    Public Interest. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31    Execution/Effective Date. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

32    Consent to Proceedings by Video-Conferencing. Defendant consents to any proceedings in this case, including his plea proceedings, sentencing proceedings, or any other proceedings, being conducted by video-conferencing technology in use within the Southern District of Iowa if approved by the Court.

J. **SIGNATURES**

33    Defendant. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into

this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

6-20-12
Date

Richard Pearson

34 <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

6-20-12
Date

Timothy S. Ross-Boon
Assistant Federal Public Defender
Capital Square, Suite 340
400 Locust Street
Des Moines, IA 50309-2353
Tel: (515) 309-9610
Fax: (515) 309-9625
Timothy_rossboon@fd.org
Attorney for Defendant

15

35 <u>United States</u>.  The Government agrees to the terms of this Plea Agreement.

                                                                Nicholas A. Klinefeldt
                                                                United States Attorney

6-20-12               By: *Stephen Patrick O'Meara*
Date                           Stephen Patrick O'Meara
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          Southern District of Iowa
                                          8 South 6th Street
                                          Council Bluffs, IA 51501-4206
                                          Tel: (712) 328-1612
                                          Fax: (712) 328-4048
                                          stephen.omeara@usdoj.gov