IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 1:12-cr-00026 |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD PEARSON, | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      I.      THE RECOMMENDED SENTENCE OF THE PARTIES IS SUFFICIENT BUT
              NOT GREATER THAN NECESSARY TO COMPLY WITH TITLE 18 U.S.C. §
              3553(a) FACTORS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      II.     THE DEFENDANT OBJECTS TO THE SPECIAL CONDITIONS OF
              SUPERVISED RELEASE REGARDING SEX OFFENDER CONDITIONS . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## INTRODUCTION

Mr. Pearson asks the court to exercise its inherent discretion and impose the sentence recommended by the parties, which is sufficient but not greater than necessary, to comply with the sentencing factors in 18 U.S.C. § 3553(a).   Mr. Pearson also submits that the PSR's recommendations for special conditions of supervised release including sex offender treatment and the Adam Walsh conditions, are too broad and are not supported by the facts of this case and

represent an undue deprivation of liberty.

## ARGUMENT

I.      **THE RECOMMENDED SENTENCE OF 120 MONTHS IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO COMPLY WITH TITLE 18 U.S.C. § 3553(a).**

Mr. Pearson submits that the advisory Guidelines range in this case absent the mandatory minimum sentence required by the statute is 108 to 135 months in prison. (PSR ¶ 75).   The recommended sentence in the plea agreement of 120 months is right in the middle of the advisory range without the mandatory minimum.   The recommended sentence is a sentence that is sufficient, but not greater than necessary, after considering the § 3553(a) factors.   The circumstances of the case and the defendant's history and characteristics also justify a 120 month sentence.

II.     **THE DEFENDANT OBJECTS THAT THE SPECIAL CONDITIONS OF SUPERVISED REGARDING SEX OFFENDER CONDITIONS IS TOO BROAD AND NOT SUPPORTED BY THE EVIDENCE AND REPRESENT AN UNDUE DEPRIVATION OF LIBERTY.**

Mr. Pearson objects to some of the  special conditions of supervised release.  Specifically, the restrictions limiting use of a computer, possession of a camera, no access to sexually-oriented material, and no contact with minors. (PSR ¶¶ 94-96, 98).  The conditions, as written, are too broad and are not supported by the circumstances in the case or the need for such conditions.  As such, they represent undue deprivations of the defendant's liberty.  The government and the defendant have agreed to special conditions of release that are appropriate and address the concerns contained in the PSR.  The proposed special conditions agreed to by the parties will be presented to the court prior to the sentencing hearing.

A district court has wide discretion in imposing terms and conditions of supervised release. *United States v. Scott*, 270 F.3d 632, 635 (8th Cir. 2001) (internal citations and quotations omitted).

However, any condition imposed must satisfy the conditions of 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), i.e., they must be "reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant, and (2) the need to afford adequate deterrence to criminal conduct and the need to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."   *Id.* at 635.   In addition, the conditions imposed cannot involve a "greater deprivation of liberty than is reasonably necessary to effectuate the goals of Congress and the Sentencing Commission." *Id.* at 635 (citing 18 U.S.C. § 3583(d)(2)) (internal quotations and citations omitted).

On review, the Court will consider the "totality of the facts, including: the recency of the conduct prompting the conditions, the extent and severity of that conduct, the probation officer's authority to waive the conditions, and how severely the conditions restrict the defendant's liberty." *United States v. Smith*, 655 F.3d 839, 845 (8th Cir. 2011).   The appellate court will not reverse due to the lack of "individualized findings if the basis for the imposed condition can be discerned from the record." *Id.* at 845.

The agreement between the parties regarding special conditions of release will include individualized findings and will tailor the conditions to bring them in line with the defendant's right against undue deprivation of liberty.

## CONCLUSION

For all these reasons, the defendant respectfully asks the court to impose the recommended sentence of the parties and to adopt the proposed special conditions of supervised release.

   /s/ Timothy S. Ross-Boon
TIMOTHY S. ROSS-BOON

CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2012, I
electronically filed this document with the Clerk of
Court using the ECF system which will serve it on the
appropriate parties.
   /s/ Timothy S. Ross-Boon

FEDERAL DEFENDER'S OFFICE
400 Locust Street
Suite 340, Capital Square
Des Moines, Iowa 50309-2353
TELEPHONE:  (515) 309-9610
TELEFAX:  (515) 309-9625
E-MAIL: timothy_rossboon@fd.org

ATTORNEY FOR DEFENDANT